Eugene Boyd, and we will hear from Mr. Matthew Wright arguing for David Brewer, right? Yes, Your Honor. All right. And for Mr. Boyd. Thank you, Your Honor, and may it please the Court, I am Matthew Wright here on behalf of Mr. Boyd Brewer. And as I see it, my job today is to convince the Court of three legal rules or propositions. The first is that the residual clause of Guideline 4B1.2 must be stricken as unconstitutionally vague. Why do we even have to decide – why do we even have to go there to decide this case? Your Honor, I think you have to go there for me to win, so that's why I think that you should. Okay. Give it all you got then. We don't deny that federal bank robbery by intimidation is the enumerated offense of robbery. So the first proposition we ask you to decide is that the residual clause needs to be stricken. The second proposition I hope to convince you of today is that those offenses that are enumerated in the commentary or application notes to the guideline do not have independent legal force, but instead they are the commission's application or interpretation of the text of the guideline. And the third legal proposition I hope to convince you of today is that the offense of federal bank robbery by intimidation does not satisfy the remaining text of the definition of crime of violence once the residual clause is stricken from the text. It's sort of a strange world, isn't it? And only lawyers could be up here arguing that robbery, bank robbery, is not necessarily a violent crime. The statute says whoever by force and violence or by intimidation. Why isn't the natural reading of that intimidation that is no more than the implicit statement that I'm going to use violence if you don't do it? And hence, the plain language of this statute makes it quite clear that it is what it is. Well, Your Honor, there's two reasons why I think that's not an answer to the problems we've posed. One of those reasons is that that is not the way this Court has interpreted the federal bank robbery statute. Well, let's just talk about common sense for a moment and get away from what we've done. It seems to be lacking in some of the judge's opinions. No difference. I don't know what's the answer to my question. I look up a question. I look up to where else but to Brian Garner and Justice Scalia was asking what does intimidation mean? What do you suppose the dictionary definition is, the black dictionary definition of intimidation is? Well, Your Honor, I'm prepared to tell you what the Fifth Circuit definition is and the one in which my clients work with. Get your voice up a little bit. I should say I'm prepared to talk about the Fifth Circuit definition because that's the one that governed my client's convictions. If I could direct the Court or perhaps the Court's clerks after the argument to pages 100 and 101 of the Brewer record, which is his factual resume, or the pre-sentence report, the Brewer pre-sentence report at page 167 of his record, all Mr. Brewer did is hand the teller a note that said this is a robbery. And when we look to the pre-sentence report. What does that implicitly say? It's implicitly saying give me the money. Okay. So I walk into a bank and I've got a plastic gun. It's not a real gun. It won't fire. And I put the gun, hold the gun up and say give me your money, and they give me the money. That's not a robbery by violence, huh? That might be a robbery by force or violence. Why is that? I can't fire the gun. I think the reason. That's no more but intimidation, is it? Or is it more than that or less than that? Your Honor, I would defer to my friend to say which problem he's developing. No, no. I want your answer. What the statute says are by intimidation. And my suggestion to you is that can't mean anything other than an implicit use of force. Now, look, take my plastic gun. Why is that not a crime of violence? Your Honor, I'm not sure that my position commits me to that view, that a plastic gun would not be either intimidation or even a threatened use of force. And so if the federal statute were defined in such a way that that extra fact added to the offense of conviction was necessary to convict, well, then we'd be dealing with a statute. This statute is not divisible. You submit it to the jury, the charge is like this, don't you? Your Honor, ours were guilty plea cases, but that's correct. It's my understanding that the jury doesn't have to agree which of the two prongs the robbery came under. In our case, I don't think there's any dispute. And the government said in the government's pleadings that this is bank robbery by intimidation. And I guess the problem isn't so much that I'm saying that the facts that Judge Higginbotham has described wouldn't amount to intimidation. I'm saying not only those facts, but any fact that included a demand for money is intimidation under this Court's precedent. Again, if we define – if we want to redefine what intimidation means for purposes of the bank robbery statute, in order to save these two sentencing enhancements in this case, then we pay the price of a lot fewer people are able to be convicted of bank robbery. Again, my client passed the teller a note that says this is a robbery and said this is a robbery. So when the Commission, copying and pasting language from Congress, or when Congress, they pass the law that says threatened use of force as an element, then it's our position that you need to have a threat. There is a subject of that threat, and it is use of force, which as we've explained, this Court— What do you think intimidation means? Intimidation means— Let me read your Black Law Dictionary for you. Sometimes when you read Black, and I'll just use our imagination, the wrong of intimidation includes all those cases in which harm is inflicted by the use of unlawful threats. Your Honor— I thought you just said intimidation has no threat to it. I think that's correct, Your Honor. It's our position there's no threat in this case. There's certainly no threat. And the Fifth Circuit has said— I'm not making myself clear. I must have misunderstood you. I thought you said that intimidation did not contain an element of threat, and I'm suggesting to you that the very definition of intimidation is threat. Your Honor, if that is how intimidation would be redefined by this panel, again, many of my bank robbery clients will be— I'm not redefining it. It's defined for me by the Black's Law Dictionary. You define it for me. The way that this Court has defined intimidation is to include anything that is a demand. If that demand made the teller feel upset or fearful, that is intimidation. And I'm not just saying— Well, give me a fact situation in which you take the bank's money and it's not robbery. It would be larceny. Other than embezzlement of an employee. It would be larceny, essentially, or some sort of you're cooperating with the teller, right? And so it's willingly given over and there's no feeling of nervousness or upsetness or whatever. And again, I'm happy as an advocate for the defense to have a more narrow definition of intimidation if that's what the Court wants to adopt. But this Court has cases that we've cited in our brief. If this were a jury trial and we had said to Judge Cummings or Judge Robinson, we want the jury to be instructed if you do not find a threat, you must acquit the defendant, and the judge would say, no, that is not the law. The law of intimidation is defined broadly under Fifth Circuit precedent. That is why my clients are guilty, particularly Mr. Brewer, who, again, only said this is a robbery. This is not unique. Both parties have referred to the Higdon case, which is sort of the seminal case defining what intimidation is. It may be my fault, but I'm not connecting with you here. What are you saying exactly? I mean, how would you define intimidation or how do you say the Court defines intimidation that works in your favor? I'm saying that the Court has defined intimidation. So when defendants challenge whether or not there's sufficient evidence of intimidation, this Court has never reversed so long as a demand was made to an unwilling teller. In other words, every case where intimidation has been challenged— So if the bank robber goes in and is very nice and says, ma'am, you look good this morning, how about, here's a note, how about giving me your money? And she hands him the money. Why do you suppose she's going to hand him the money unless the implicit threat is there? No matter the manner of it, that doesn't matter? I would say that if she's afraid or if she's upset by it, that's intimidation under this Court's precedent. Well, why would she? What is she afraid of? And your view is somehow or another that there is no intimidation that does not contain an implicit suggestional force. It would scare you to death if somebody walks up to you in the back, you walk into the French Quarter and they stick their finger in your back. He doesn't have a gun. He said, give me your gun. Your Honor. I mean, give me your money. And I give him that money in a hurry. And you say that, well, that's not robbery. No, Your Honor. I'm saying that is a robbery that is not a threatened use of force within this Court's precedent, is what I'm saying. That's not a threatened use of force? It's not, Your Honor. And perhaps maybe where we're passing each other is that a threat is different than something that causes fear. Is it a threat? I suspect the situation that Judge Higginbotham described is, in fact, a threat, right? And I said that it wasn't. That would be a threat in the circumstance he describes. What I'm suggesting is what happened here. I didn't. Judge Higginbotham said if somebody put a finger pretending to be a gun. I'm saying, what did you say, a threat? That would be a threat. I may have misspoken before. That would be a threat. I'm saying that the actual threat is not required to constitute intimidation. So intimidation includes not only all threats, but it also includes things that are not. Wait a minute. Now, intimidation suggests that there's going to be a response. Is that correct? If you intimidate somebody, if you don't intimidate them, they don't give a damn. And they're not going to respond one way or the other. If you intimidate somebody, they're going to respond in the way that you have suggested they respond. Isn't that implicit in it? That, I agree, is implicit. Okay. And if they do respond, then they respond because you have intimidated them, which means that there are consequences if they don't act like you are suggesting that they act, and the consequences are going to be physical. And if the consequences are physical, that's violence. Why doesn't that make sense? What it is not is a threatened use of force, because a threat is purposeful. What do you mean? The threat of force is not explicit, but it is certainly implicit. I mean, in other words, I mean it's implicit in the definition of intimidation. Your Honor, the definition here in place says as an element. That's one of the things that I get to ask the jury for. And if the government has not proved it, I get acquitted. That's what as an element means. Okay. But are you taking it in terms of outside the context of bank robbery? I mean, how would you expect us to approach the common sense approach that we've often referred to in these cases to take intimidation in the course of a bank robbery outside the field of a threat of violence? Your Honor, the way the Sentencing Commission has handled it is robbery starting August 1st of this year is now enumerated in the text of the guideline. So they have fixed the problem. I'm suggesting that previously, before Johnson, all robberies by intimidation were included within the residual clause. And that was part of the job that it did. And since the United States v. Davis in 2007, this court has said that's dealing with textual robbery. Well, you could say that it fit in the residual clause because that was a handy place to put it, I guess. But because it may have fit in the residual clause doesn't mean that it might not fit somewhere else. And in the context of bank robbery, it seems clear that that would be different, say, than from some other situation that would not involve the, maybe a threat of force in the sense that you're talking about. I mean, intimidation in negotiations or something of that nature. But whenever you're talking about bank robbery, I mean, intimidation is, I mean, I think we would be fools to say that it didn't have an implicit threat of force. Your Honor, the only response that I have to that, and I'll return to it again, is if I were to ask the district judge to instruct the jury, you must find that there was a threatened use of physical force against the person of another, or Mr. Brewer walks. The judge would say no. And I would be misstating the Fifth Circuit law on the definition of intimidation. So while most threats, maybe all threats count as intimidation, intimidation includes more. It is not an element of the offense because I'm not entitled to an instruction for it and because we can consider— Well, that's what I'm suggesting to you. I mean, intimidation is like any other word, I suppose, in the English tradition, right? It has shades of nuance with respect to the context in which it's used. And certainly here we're talking about the bank robbery statute. And again, Your Honor, this Court has said in the context of bank robbery the fact that the defendant didn't make a threat does not defeat conviction. If the Court can conceive of a circumstance that doesn't have a threat and it's still intimidation, then that means under Vargas-Durand that threat is not an element. In the context, the Court is saying that it's not necessary that the robber in the note say, if you don't give me your money, I'm going to shoot you or whatever else. It's not necessary to make a threat in that sense. But what the law says and what you're going to charge the jury, any district judge is going to tell the jury, he's going to read the statute to them in effect to fill in the charge. And that tells the jury that all they need to know, and by force or violence or by intimidation. And the reason that that's all within the compass of, obviously, of violence is that intimidation is simply the threat to use violence. And that's what the statute prohibits. So I don't, frankly, find nothing here in your argument with all respect but wordplay. My time has expired. Would you prefer that I answer Judge Higginbotham now or save it for later? We're not letting you off the hook yet. All right. I'm kidding. I'm happy to try to address the question another way. Our position is it may be in common sense to say there's someone's thinking about violence, whether the defendant intended or not. For instance, we don't require the defendant to be threatening violence. He just said it was a robbery. If the teller was afraid of violence, she was afraid of it. There was no threat. I agree that perhaps in the mind of the victim, the thought may be if I don't respond to him, he'll hurt me. Or the thought may be I know that when I get a demand note, my insurer requires that I immediately turn it over and not fight. But — Now, why would they do that? Why would they say that? I assume because they don't want to. It costs less money to get — they don't want to lose an employee. They don't want a life threat. Your instructions are to give the money. Why? Well, they don't instruct you to walk out on the street and give the money. They say that your response to this situation is to hand over the money because all things considered, we don't want people hurt. And again, Your Honor, I think a threatened use of force is always going to be bank robbery. The question is, is that necessary to be proven? Is that an element of the offense? Because that's legal language that means something to criminal lawyers. Is that an element of the offense? It's what an element of the offense? Threatened use of physical force against the person of another. That's the definition that we're dealing with, that the offense has as an element the use, attempted use, or threatened use of physical force against the person of another. Bank robbery intimidation has no such element. And that's, in fact, what the Court said. So if there are no further questions at this time, I've reserved a little bit of time for rebuttal. Thank you, Your Honors. Okay, Mr. Wright. Thank you. Ms. Hayworth, we'll hear from you. May it please the Court. Gail Hayworth on behalf of the United States. Tell me what you understand counsel's opposite argument is. How does it hit you? It's against common sense, but I would also go beyond that. And it's against, actually, this Court's precedent. I want to focus specifically. So Federal bank robbery. I'm glad that comes together. They come together, which is perfect. So Federal bank robbery by intimidation qualifies both under the elements clause and the enumerated offense. First, let's deal with the elements clause, since that was what appellants were dealing with mainly on their opening. Intimidation by this Court's definition means that the defendant's acts put a reasonable person in the teller's position so that they could reasonably infer a threat of bodily harm from the defendant's acts. So there is a threat. Higdon said it doesn't have to be explicit, but the threat is implicit in how the defendant acts by putting them in fear. Or as other circuit courts have held, the defendant creates the impression that any resistance or defiance by the teller will be met with force. So intimidation means the threat of force. So do you find this Court intimidating? No. My second question was going to be, then give me all the money you have on you. And this understanding of intimidation accords with the rest of the statute, because robbery is defined as a taking by violence, force and violence, or by intimidation. And as the Eleventh Circuit has held, that that essentially means that a robbery is committed by force and violence or by the threat of force and violence. This reading also accords with this Court's precedent in Royal v. Tombone, where the Court approved of the BOP's classification of Federal bank robbery as an offense that has as an element the threatened use of force. And it found that any interpretation that that offense did not have as an element the threatened use of force was erroneous as a matter of law. Now, in addition to that case, every circuit court to have addressed this issue has held that Federal bank robbery by intimidation has as an element the threatened use of force. In the career offender context, specifically six circuits have held that the offense satisfies the elements clause of the career offender guideline. In the section 924C3 context, which penalizes the use of a firearm in the course of a crime of violence, in addition to this Court's holding in Royal v. Tombone, four other circuits have held that the offense satisfies the elements clause of that section. But appellants ignore this authority and instead point to Villegas-Hernandez and the distinction in that case between the causation of injury and the use of force. But there are multiple problems with this argument. First, that distinction has been severely undermined by the Supreme Court's opinion in Castleman, which held that when a defendant employs a police officer to commit bank robbery. Scalia. Extortion is also a means by which you can commit bank robbery under the Federal Bank Robbery Statute, right? Extortion. Extortion is an enumerated offense. Well, it's in the statute itself, or by statute, I mean, because you can commit Attempts to obtain or attempts to obtain by extortion. By extortion. Under 2113A. In other words, so extortion, of course, I think is an enumerated offense, a violent offense, but extortion is not always a violent or by force, a forceful act. In the context of bank robbery, it would be. Well, you can have a, you just change the form of the threat. That is a violent threat. You can extort money out of the bank by saying that if you don't, you're going to, we're going to take action which will hurt your business and so forth. And there are means of doing that if you don't give this money out. That is a, in other words, it's economic injury that's being suffered, not. I mean, for example, someone can go in and tell the president of the bank, I know that you've been embezzling money from this bank, and unless you give me a million dollars of the bank's money, I'm going to expose you. That would be taking a million dollars from the bank, the bank's money, and it would be robbery under the statute. But there would have been no violence involved in it or no threat of violence. Although extortion, I think, is an enumerated, is enumerated as a crime of violence, whatever that means. It is enumerated as a crime of violence. The defendants were convicted under, by bank robbery by intimidation, not by extortion. So that's what they're arguing. They need to get rid of the intimidation element to show that it doesn't have the threatened use of force. Well, the statute is captioned as bank robbery and incidental crimes. And the statute, 2113A, and Judge Jolly, I'm just following up on Judge Jolly's point, that you also can violate that statute by engaging in extortion, which may overlap with robbery or not, but it's also a distinct offense. Depends on what you charge. And here they charge them with robbery by intimidation, which means that they were charged by taking, by threatening to use force. Yeah, but these are not elements. I mean, is that, in other words, you can commit it by force, you can commit it by intimidation, you can commit bank robbery by, under the bank robbery statute, by extortion. Those are means of commission of the offense. But they're not elements of the offense, are they? In other words, this is not a divisible statute. They're not different elements to the crime. I mean, did that throw you off a little bit? Well, yeah. I think we've pretty well settled that we're talking about, when we said it's not divisible, that that's another way of saying that the statute just simply charges different means by which the basic offense is committed. You can commit that offense by extortion. Yes. And I would submit to you that extortion, in the context of federal bank robbery, means threatened use of force, because you are forcing them to immediately comply with your request. If it was some future, distant, I'm going to harm your business, you can call the police and have him arrested before he can even, before that threat can be realized. And you see this play out in just the way, I mean, the appellants can't point to a single case where the bank robber robs a bank without threatening force. And the cases that he cites are, it's essentially he disputes that, the sufficiency of the evidence showing intimidation. But essentially, by reading those facts, the only threat that that teller felt, reasonably felt, was threat of force. So even if you accept the distinction in Villegas-Hernandez between causation of injury and use of force, and you still think that holds up after Castleman, that that distinction breaks down in the context of federal bank robbery, not only because of how we define intimidation, which means that, by definition, the victim is put in fear for their safety, which is the opposite of what Villegas-Hernandez says, that the victim is deceived into drinking poison or to walking off a cliff. So intimidation is incompatible with those scenarios that Villegas-Hernandez outlined. But also, as we've discussed, the circumstances of bank robbery are just the immediacy of the taking from the person, of the presence of the person, requires a threat that can be immediately and directly inflicted, which is the threat of force. And as suggested before, the appellants can't show that there's a reasonable probability for being prosecuted under their statute where the defendant did not threaten use of force. I mean, again, what we're here is to determine what is the minimal conviction that can be, that can arise from this statute, and that would be extortion. It does not require violence, physical violence. And if he is convicted under the bankruptcy statute and it's not divisible, then the bankruptcy statute is not a crime of violence because extortion, a means by which it can be committed, is not a violent crime. What do you say about that? Well, extortion can be committed by multiple different kinds of threats. The question is, in this context, can you make an extortion of a different kind that's not the threat of force to commit a bank robbery? And there is no realistic probability that would be the case because we don't see a case where that has been the case. And until they can show that there's realistic probability, we can't do legal and imagined means to decide that a crime doesn't qualify as a crime of violence. If someone walks into a bank and just says, give me your money, that's all it said, or else nothing else, just give me your money, and the teller gives them money, is that intimidation? Is that a threat? I mean, it has to meet an objective standard. So objectively, if a person just friendly says, give me your money, and doesn't seem to be threatening or to be implying that if you don't, I'm going to respond with force, then it wouldn't qualify as intimidation under the bank robbery statute. So that wouldn't be a robbery? It wouldn't be a robbery, no. Really? I thought that's what we've been talking about, that any kind of threat like that, give me your money, a threat is implicit in that. Well, I mean, in those cases, the jury heard the evidence, they heard the teller, they decided she wasn't overly timid, she was a normal person, her response and why she responded that way was reasonable, and they decided, yes, you meet the standard, you implicitly threatened her with force by making that demand. But that wouldn't be true in every case. It depends on what the fact finder would find, based on the circumstances of each robbery. Now, in the reply brief, the appellants also point to crimes with a specific statute criminalizing certain kinds of threats, like a threat to commit a crime. Now, these are easily distinguished because they're – I mean, the language is just materially distinguishable, and this can be shown that it's limited to the very narrow language by this Court's opinion in Stoker, which held that the threat to injure constitutes the threat to use force. And to the extent these opinions, Cruz Rodriguez relies on Villegas-Hernandez, it, too, that distinction has been undermined by Castleman. But even more importantly, and we've sort of already been touching on this, the threat involved in bank robbery is not a threat standing alone. It's a threat to accomplish an immediate taking of money from a person who otherwise would not give it to you. And that necessarily involves the threat to use force. Now, turning to the enumerated offense of robbery, contrary to the appellant's assertions, the enumerated offense of robbery does not rise and fall with the residual costs. It independently defines crime of violence. So even if this Court finds that it doesn't have a use of force because extortion, if you consider that, it still qualifies because it's a generic robbery under the enumerated offense. And we know that it's independently defined. I mean, the only thing that's unconstitutional is the clause itself, not the entire section. Is the residual clause unconstitutionally vague? Yeah. I mean, the residual clause itself. But the residual clause is only part of the statutory language, right? Right. So, I mean, the only thing that is alleged to be unconstitutional is by any other means from which harm may occur, potential harm may occur or whatever. The clause is severable from the statute, from the rest of it. Yes. So you could strike the residual clause and leave the enumerated offenses, as in fact that's what the Court did with ACCA and Johnson. And there's even more of a case to know that the enumerated offenses here in the commentary are independent of the residual clause here. When we just look at the language of the commentary, the history of the guideline, and this Court's precedent. Now starting first with the language of the commentary, the commentary says that crime of violence includes robbery and a bunch of other enumerated offenses. And then it says that other offenses are also included in the term crime of violence if they satisfy the elements clause or the residual clause. So by the very language of the commentary, it suggests that the enumerated offenses are independent of the residual clause as well as the elements clause. But even more importantly, the history of the guideline conclusively demonstrates that the enumerated offenses do not depend on the residual clause. The enumerated offenses in the commentary existed and predated the residual clause. So therefore, by definition, they could not depend on the residual clause or elaborate on it. Second, in 1989, when the Commission changed the definition of crime of violence by taking out 18 U.S.C. 16 and putting in ACCA's definition, they maintained the commentary's list of enumerated offenses, further showing that that list didn't depend on the text of the guideline. And then finally, to remove all doubt, this year, in 2016, when amending the career offender guideline, the Commission explicitly stated that the amendment as it existed when these appellants were sentenced had three independent bases for qualifying as a crime of violence. The elements clause, the enumerated offenses, which included both those in the text and the commentary, and the residual clause. So it's clear from this history that the Commission's intent from the very inception of this guideline has been that the enumerated offense of robbery, generic robbery, should always trigger the career offender enhancements. And under the reasoning of Kassaman and Brazin, that intent should really be controlling here. Now finally, this Court's precedent has also shown that the enumerated clause exists independently of the residual clause because in U.S. v. Guerrero, this Court found that an attempt offense qualifies as a crime of violence under the commentary, because it's an enumerated offense, without needing to decide, and it declined to decide, whether it also qualified under the residual clause. And also in Browntree, in an unpublished opinion, this panel found that federal bank robbery qualifies as an enumerated offense without going into the analysis of whether it qualified under the residual clause. What we're trying to do, the guidelines are trying to do, is to take the offense of robbery and to say that if robbery, but for purposes of punishment, that some types of robbery require higher levels of punishment. And so once you get into these kind of nuances of the different means by which you commit a crime, so as to sort out the level of punishment to be given, in other words, we're not going to punish someone who does it sweetly and so forth, but it's violence. You're into this soup of trying to, we're into, and I'm not sure we're getting much help with how to get out of it. I know that's not fussing at you, because we're not, we can help ourselves, but we're not doing that either. That doesn't sound like a question, does it? I'm sorry. That's all right. It's Christmas. It's an old man musing. Well, I mean, they've always intended that robbery, as generically defined, would trigger these enhancements. And no one is disputing that federal bank robbery qualifies as generic robbery here. Now, even assuming that the enumerated offenses do not stand alone as an independent basis and they must be attached to some text of the statute, the case law indicates that, if anything, they attach to the elements clause. But even if we go even further and assume that it attaches to the residual clause and further elaborates and explains on that, under the very reasoning of Johnson, it survives the striking of the residual clause, just as the enumerated offenses in ACCA survive the striking of that residual clause. And this makes sense, because there's no reason to strike as unconstitutionally vague definitions that are not unconstitutionally vague. Part of the problem with the residual clause in ACCA was that, after eight years of judicial experience, we haven't been able to come up with a consistent methodology. But we don't have that with enumerated offenses. The mythology is what it's always been. You define the enumerated offense, you get the elements, and you compare it to the crime of conviction. So it's not unconstitutionally vague. And then finally, the enumerated offense of robbery is not inconsistent with the text of the Guideline. Under the Supreme Court's definition of inconsistent, it means that following one will violate the dictates of the other. Also under Stinson, just because the text of the Guideline does not specifically enumerate a specific offense does not mean it is thereby compelling its exclusion. And so therefore, following the commentaries enumeration of robbery, that robbery is a crime of violence, does not violate the dictates of the text of the statute of the Guideline. And this is especially true considering that federal bank robbery qualifies under the elements clause. Now in summary, federal bank robbery by intimidation is a crime of violence under both the elements clause and the enumerated offenses. Every circuit court to have decided this issue has held that it has, as an element, the threat and use of force. And as is evident from the history of the Guideline, the Commission has always intended, from the very beginning of this Guideline, that this offense, as an undisputable generic robbery, should trigger the career offender enhancements. For these reasons, we ask the Court to refer. Okay. Thank you very much, Ms. Haywood. Mr. Wright, you have some time for rebuttal. Thank you, Your Honor. When is intimidation something other than a threatened use of force? Maybe that's what I was missing before. I can think of four or five examples. Judge Prado's is very good. Give me the money. Not a threat. Yes, intimidating, depending on what the person is wearing. It's not a threat use of force. Second, when the defendant didn't mean to threaten or intimidate someone, maybe he's big, he's scary, he wants the money, he didn't mean to threaten him. United States v. Kelly, a case we've cited from the Eleventh Circuit, even if the defendant didn't mean for his act to be intimidating, it can still be intimidation. That's not true of a threat. The question was, are we intimidated by this panel? This is a very nice panel, but maybe there are some Fifth Circuit judges that if I were riding an elevator with, I would lose my voice, I would be nervous, I would be scared. And if that judge asked me to give my wallet, I would probably turn loose with my wallet right away. The judge wasn't threatening me, but I was truly intimidated by that judge. Another example, when the threat, the subject of the threat, even if explicit, is arson, poison, traffic, something that en banc Fifth Circuit has said, these are not the use of force. Every member of this panel joined the majority opinion in Vargas Duran in 2004. These are not use of force. Let me ask you a question. Your argument caused a scene in the country of one of the old desperado movies I watched as a kid. And what happens is the NWOC 5 outlaws, their guns remain holstered, and they just fan out across the front of the teller's window. Nobody draws their weapon. And then comes the hero of the day, the hero desperado, and walks in, smiles sweetly, and said, Frida, you just hand me all your bills there. And she takes the money and hands it to him, and they walk out. Now, the shot is fired. But they didn't rob the bank. No? Or did they? Absolutely they robbed the bank, Your Honor. There's no question they robbed the bank. They didn't. Maybe they did threaten to use force. They didn't have an explicit threat, certainly. But I'm saying threatened use of force is not an element of bank robbery, because there is no need for a threat, no need for the defendant to make a threat. There's no chance for me to ask the jury. Sometimes we have really weak cases. I know that will surprise you as defense attorneys. And all we can hope is that one juror will acquit on one point. I'd like to be able to say to the jury, yes, he was scary. He was big. He was wearing gloves. He had a hood. But he didn't threaten anyone. If you don't find that he threatened to use force, then you must acquit. It seems to me that what you're saying, I mean, contradicts what you're saying in the sense that the man is intimidating him by the use of his body. He's big. He's overwhelming. He knows that the reaction to his physical presence is going to be to do his wicked will. In which case he would be intimidating, but he would never threaten to use force. And that's why someone can be guilty of the crime of bank robbery. Okay. He is intimidating. So what is he doing to him? What is intimidation that they feel? How do you define intimidation that fits that situation that doesn't have an element of force in it? Intimidation is about the way that the victim feels in response to what the defendant is doing. Exactly. And why does that person respond? Because he feels threatened. Right. He feels threatened. But there's a difference between the victim feeling threatened and the defendant threatening the victim. Well, I don't know.  either by the physical size of him or by his words or by the fact that a robbery is in progress. It's our position that to constitute a threat, the defendant has to mean to threaten. To constitute a threatened use of force, he's got to be threatened to do something that's fairly narrow under en banc Fifth Circuit precedent that hasn't been overruled by Supreme Court precedent interpreting a different provision that's broader than the use of force clause here. None of those things are true in the circumstances we described. If I could return again to the facts of this case, the defendant gave the dealer a note that said, this is a robbery. Now, could he have a chance to go to the jury? We admitted all that completely. Yes, I handed her a note that said, this is a robbery. She was afraid. But I didn't threaten her. The reason we don't get to do that is not because, well, obviously, we threatened her. It's because that's not an element of defense. The language that we're interpreting here is threatened use of force as an element. And it's not. You know, before the guidelines, the sentencing judge would differentiate the crimes. He has on his docket two armed robbers. One's about 20-year-old. One's about 25-year-old. The 25-year-old has three prior convictions and is a hardened criminal. The 20-year-old also robs a bank, but he took the money to pay for emergency surgery for his dear sweet mother. Now, they both committed robbery. And the question is that no one suggests that the sentences shouldn't be adjusted for the circumstances of that case. Now, that's one way of going at the question of proper sentences and balance. No one suggests that when the 25-year-old gets 20 years and the boy gets three years, that there's something improper about that. But you see what's happening there is that you're adjusting them not on trying to fiddle with the underlying offenses themselves and to internalize that examination. You're looking at the circumstance of the offense itself. And the enterprise we're engaged in now is, to me, a fool's errand. I don't think you can cut these things and dice them. You're a very fine advocate, but I just don't think that can be done. It makes sense of it. If I can have an opportunity to respond to Judge Higginbotham briefly and bring my argument to a close. Your Honor, if what you're saying is it doesn't make sense to hit someone over the head with a mallet because of something that is so fine as the definition of these prior convictions, I'm in wholehearted agreement with you. But in fact, that's what this provision requires. These differences that we're talking about, I agree they can be subtle. In both of these cases, we went from a 71-month guideline range based on the history and offense conduct to a career offender, 188 months. It is a dramatic difference. And this Court's precedent is still that the government has a burden of showing that these prior offenses fit into these narrow categories before they can obtain this dramatic enhancement. Johnson changed the categories, and it should change the results in this case. Thank you, Your Honors. OK, Mr. Wright. You've done the best you could with what you had to work with. I appreciate it. Thank you, Mr. Wright. That completes the cases on the oral argument calendar for today. So this panel stands in recess until tomorrow afternoon at 1 o'clock.